IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-131-BO-1
NO. 5:11-CV-642-BO

| | |
|---|---|
| MICHAEL EUGENE FARMER, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the Court on Mr. Farmer's Motion to Vacate Under 28 U.S.C. § 2255 [DE 48], filed on November 9, 2011. The United States filed a Motion to Dismiss on December 20, 2011 [DE 51] and Mr. Farmer responded [DE 65]. The Motions are now ripe for adjudication.

BACKGROUND

On July 29, 2002, Mr. Farmer pleaded guilty to a one-count information, pursuant to a plea agreement [DE 15], to conspiracy to distribute and possess with the intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 846. In his plea agreement, Mr. Farmer agreed "to waive all rights to contest the conviction or the sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea" [DE 15 at 2].

Mr. Farmer was sentenced on January 24, 2003, to a term of 262 months of imprisonment. On January 23, 2004, the United States filed a Rule 35 motion to hold in abeyance until Mr. Farmer completed his assistance to law enforcement. The United States later filed a motion to withdraw its motion for reduction. This Court allowed the motion to withdraw, and its decision was affirmed by the Court of Appeals for the Fourth Circuit [DE 37, 42].

On November 9, 2011, Mr. Farmer filed the instant motion pursuant to 28 U.S.C. § 2255 [DE 48], alleging that he is no longer a career offender for purposes of the career offender enhancement in U.S.S.G. § 4B1.1 after the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

## DISCUSSION

The United States argues that Mr. Farmer's claim is barred by the waiver in his plea agreement, which provided that he waived his right to file a motion pursuant to 28 U.S.C. § 2255, "excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea" [DE 15]. The United States also argues, in the alternative, that Mr. Farmer's motion was not timely filed. It contends that the Supreme Court did not create a new rule in *Carachuri-Rosendo v. Holder* that is retroactively applicable on collateral review and that, in any case, Mr. Farmer did not file his motion within one year of the date of decision of *Carachuri-Rosendo v. Holder*, even if the right it announced is retroactively applicable on collateral review.

### I. Mr. Farmer Did Not Waive His Right to File This Motion Because His Challenge Falls Outside the Scope of the Waiver In His Plea Agreement

Mr. Farmer's current challenge falls outside the scope of the waiver in his plea agreement. Although a criminal defendant may waive his right to attack his conviction and sentence collaterally, *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), the Fourth Circuit has held that proceedings that affect constitutional rights and fundamental fairness fall outside the scope of such waivers. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) (sentence imposed in excess of maximum provided by statute or based on constitutionally impermissible factor like race falls outside the scope of an appeal waiver); *United States v. Broughton-Jones*, 71 F.3d 1143,

1147 (4th Cir. 1995) (challenges to the validity of sentences fall outside the scope of an appeal waiver where the challenge involves a claim that the sentence was illegal). This class of claims includes errors that the defendant "could not have reasonably contemplated" at the time of the plea agreement. *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005). Whether a defendant was properly classified as a career offender in light of *Simmons* is such a claim–and is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *United States v. Yancey*, No. 11-4792, 2012 WL 313752, at *1 (Feb. 2, 2012) (unpublished).

## II. Mr. Farmer's Petition Was Timely Filed Because *Carachuri-Rosendo v. Holder* Is Retroactively Applicable On Collateral Review And Mr. Farmer Is Entitled To Equitable Tolling

A one-year statute of limitations applies to section 2255 petitions, as set out in 28 U.S.C. § 2255(f). That provision provides that a petitioner may file his section 2255 petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.§ 2255(f)(3).

### A. *Carachuri-Rosendo v. Holder* Is Retroactively Applicable On Collateral Review

In *Carachuri-Rosendo v. Holder*, the United States Supreme Court created a new rule that is retroactively applicable on collateral review. A rule is new if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(internal citation omitted). When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A substantive rule is one that "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 494 (1990). These substantive rules are applied retroactively because they "necessarily carry

a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352 (internal citation and quotation marks omitted).

In *Carachuri*, the Court created a new substantive rule that held that the term "aggravated felony" in the INA no longer included state offenses that, though they could have been enhanced by a federal recidivist provision had they been federally charged, were not, in fact, so charged or enhanced. *Carachuri-Rosendo*, 130 S. Ct. at 2589. Therefore, going forward, a district court can only consider a penalty enhanced by a recidivism statute "when the [recidivist] finding is a part of the record of conviction." *Id.* at 2587 n.12. If that finding is not a part of the record of conviction, *Carachuri* holds that an individual has "not been convicted of a felony punishable under the Controlled Substances Act," and he remains eligible for cancellation of removal or waiver of inadmissibility under 8 U.S.C. § 1229b(a). *Id.* at 2589-90. In other words, the Court narrowed the scope of the INA by interpreting the term "aggravated felony" in 8 U.S.C. § 1229b(a) to decriminalize certain individuals who would otherwise have been aggravated felons under the INA–it altered the "the class of persons that the law punishes." *See Schriro*, 542 U.S. at 353; *United States v. Halstead*, 634 F.3d 270, 274 (4th Cir. 2011).

Because this Court holds that *Carachuri* is retroactively applicable to cases on collateral review, Mr. Farmer was statutorily entitled to file his petition within one year after the Supreme Court decided *Carachuri*–by June 14, 2011.

### B. *United States v. Simmons* Reinterpreted *Carachuri-Rosendo v. Holder* To An Extent That Requires Application of Equitable Tolling

The Supreme Court has held that a petitioner is entitled to equitable tolling if (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance

prevented him from timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

### 1. Mr. Farmer Has Pursued His Rights With Reasonable Diligence

As noted by the Supreme Court in *Holland*, "the 'flexibility' inherent in 'equitable procedure' enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct...particular injustices." *Holland*, 130 S. Ct. at 2563. Therefore, Mr. Farmer's reasonable diligence must be viewed in light of the profound change in circuit law effectuated by *Simmons*. Mr. Farmer has pursued his rights diligently by attempting to obtain review in his case within a very short period after it became clear that his case was affected by *Simmons*.

Courts have held that opinions of the circuit court overruling prior circuit law can satisfy the "extraordinary circumstance" requirement. *See Burns v. Prudden*, 588 F.3d 1148, 1151 (8th Cir. 2009)(noting that the State failed to cite any authority for the proposition that "courts should demand pro se petitioners to anticipate that a court will overrule established law"). The Fourth Circuit has recognized that *Simmons* represented an extraordinary change in circuit law. *See United States v. Carter*, No. 06-4764, 2012 WL 812374, at *1 (Mar. 13 2012) (per curiam) (holding that "the intervening change in the law wrought by *Simmons* warrants" the unusual relief of considering an issue first raised in a petition for rehearing). Mr. Farmer filed the correct motion, in the proper court, within three months of the en banc decision in *Simmons*. In light of the unique circumstances of this case, Mr. Farmer has exhibited the requisite diligence to satisfy the *Holland* test.

### 2. The Fourth Circuit's En Banc Opinion in *Simmons* Was An Extraordinary Circumstance Beyond Mr. Farmer's Control That Prevented Him From Filing On Time

In this case, controlling Fourth Circuit precedent until the date the *Simmons* en banc opinion was issued–on August 17, 2011–provides the necessary "extraordinary circumstance" required to justify equitable tolling. In order to understand the extraordinary nature of the change in law effectuated by *Simmons*, it is instructive to review the procedural history of the relevant cases.

Jason Simmons pleaded guilty to drug trafficking in federal court and was subjected to a sentencing enhancement under the Controlled Substances Act because the district court found that his prior state conviction for marijuana possession was for an offense "punishable by imprisonment for more than one year." The Fourth Circuit affirmed in an unpublished opinion. *United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009) ("Panel I"). The Supreme Court vacated that judgment and remanded the case to the Fourth Circuit for "further consideration in light of *Carachuri-Rosendo v. Holder*." 130 S. Ct. 3455. A panel of the Fourth Circuit held that *Carachuri* did not require a change in the previous holding. *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011) ("Panel II"). However, the Fourth Circuit voted to rehear the case en banc, and in a published opinion, the court of appeals vacated Mr. Simmons's sentence in light of *Carachuri*, holding that the opinion of the Supreme Court "clearly forelcose[d] reliance on *Harp*.[1]" *Simmons*, 649 F.3d at 247.

*Carachuri* was an immigration case in which the Supreme Court was faced with the

---

[1] In *United States v. Harp*, the Fourth Circuit had held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year...we consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 406 F.3d 242, 246 (4th Cir. 2005) (internal citation omitted).

question of whether Mr. Carachuri-Rosendo was eligible to seek cancellation of removal or waiver of inadmissability. *Carachuri-Rosendo*, 130 S. Ct. at 2580. To answer that question, the Court first had to determine whether he had been convicted of an "aggravated felony" pursuant to 8 U.S.C. § 1229b(a)(3), which would bar that relief. An "aggravated felony" under the INA includes, *inter alia*, felonies punishable under the Controlled Substances Act for which the "maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a). Recidivist simple possession is punishable by up to two years of imprisonment, but "requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea. 21 U.S.C. §§ 844(a), 851(a)(1). Because Mr. Carachuri-Rosendo had been convicted of a state simple possession offense that, though it could have been charged in federal court as a felony, was not, the Court held that he had not been convicted of an aggravated felony. In so doing, the Court rejected the approach that would have allowed "hypothetical conduct" proscribed by a state statute to demonstrate that an individual could have been prosecuted for a felony in federal court. It held that

> the defendant must have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal.

*Carachuri-Rosendo*, 130 S. Ct. at 2589 (quoting 8 U.S.C. § 1229b(a)(3)).

Sitting en banc, the Fourth Circuit in *Simmons* interpreted *Carachuri-Rosendo* to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. Under North Carolina's structured sentencing regime, felony sentences are contingent on the designated "class of offense" and the

offender's "prior record level," which are each established by statute. N.C. Gen. Stat. §15A-1340.13(b). Once these two factors have been established, the sentencing judge matches the factors to a statutory table, which provides a presumptive range, a mitigated range, and an aggravated range. N.C. Gen. Stat. §15A-1340.17(c). The presumptive range governs the sentencing unless the judge makes written findings that justify a departure to the aggravated or mitigated range. N.C. Gen. Stat. §§15A-1340.13(e); 15A-1340.16(c). Once the appropriate range has been determined, the defendant's minimum sentence must fit within that range. In *Simmons*, the Fourth Circuit held that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (2010)).

The Fourth Circuit, sitting en banc, felt that *Carachuri*'s holding that the "actual recidivist finding...must be part of a particular defendant's record of conviction for the conviction to qualify as a felony," compelled its result in *Simmons*. *Simmons*, 649 F.3d at 244 (citing *United States v. Haltiwanger*, 637 F.3d 881, 884 (8th Cir. 2011)). However, a section 2255 petitioner would have had no such notice that the law applicable to his case had changed so dramatically: *Carachuri* squarely addressed itself to the immigration context and turned on whether the proscribed conduct of an individual's state offense could, hypothetically, have been punished as a federal felony. *Simmons* treated the question of whether North Carolina state criminal convictions were "punishable by a term of imprisonment exceeding one year" under existing *state* law. *Carachuri* looked to the underlying conduct and compared it to existing federal crimes. *Simmons*, by contrast, looked at the state *conviction* and determined whether a given crime was "punishable

by a term of imprisonment exceeding one year."

The significant differences between these two cases was recognized by the court of appeals itself. The initial reviewing panel, on remand from the Supreme Court, held that "*Carachuri-Rosendo* is inapplicable to our present inquiry...[because] the plain language of the immigration statute interpreted by the Supreme Court in that case differs in critical respects from the statute at issue in the criminal proceeding before us. Whatever the impact of *Carachuri-Rosendo* in other settings, it does not compel a different view of the plain language of §802(44)." *Simmons*, 635 F.3d at 145 ("Panel II"). The Fourth Circuit panel distinguished *Carachuri*'s inquiry as "defendant-specific" and its inquiry in *Simmons* as "offense-specific" because Simmons' case did not require a "hypothetical" inquiry into whether a state court prosecutor could have charged Simmons differently. *Id.* It was only six months later, sitting en banc, that the Fourth Circuit interpreted the old *Harp* rule to require consideration of "hypothetical aggravating factors" to calculate an individual's maximum punishment. *Simmons*, 649 F.3d at 244. It was only then that the Fourth Circuit held that *Harp* must be overturned.

To put it simply, any section 2255 petitions filed after *Carachuri* and before the en banc decision in *Simmons* would have been denied, as the district court would have been bound by the controlling Fourth Circuit precedent in *Harp*. It would be absurd to require a section 2255 petitioner to have forecasted the ultimate effect of *Carachuri* on Fourth Circuit interpretations of North Carolina state criminal convictions. Understanding that the clear and unambiguous law of this circuit, until August 17, 2011, dictated that *Harp* was controlling law, this Court holds that equitable tolling is warranted in this exceptional circumstance.

### 3. This Holding Is Consistent With the Principle Announced in *Dodd v. United States*

In *Dodd v. United States*, the Supreme Court held that the date from which section 2255's

period of limitations begins to run is the date on which the right is initially recognized by the Supreme Court, not the date on which the right is made retroactive. *Dodd*, 545 U.S. at 353, 354-55. Here, Mr. Farmer does not seek the benefit of a later date merely out of a claim that he was unaware whether *Carachuri* would be retroactive on collateral review. Rather, he seeks the benefit of the date of the en banc decision in *United States v. Simmons* because it was not until that date that the Fourth Circuit determined the meaning of *Carachuri* for those convicted of North Carolina state crimes.

Following *Dodd*, the operative date for statute of limitations period purposes is the date of decision of *Carachuri*--June 14, 2010. However, this date must be equitably tolled until August 17, 2011 to account for the dramatic shift in controlling circuit precedent. Because Mr. Farmer filed his section 2255 petition within a reasonable period after the *Simmons* en banc decision, the Court holds that it was timely filed.

### III. In Light of *United States v. Simmons*, Mr. Farmer Is No Longer a Career Offender

Mr. Farmer's sentence was correct under *Harp*, but the change in the law of this circuit effectuated by the en banc decision in *Simmons* means that he is no longer a career offender. The career offender enhancement under U.S.S.G. § 4B1.1 applies when a defendant has two or more prior convictions of either a "controlled substance offense" or "crime of violence," each of which was "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). Because one of his predicate convictions, for the 1996 controlled substance crime at ¶ 19 of his presentence report, was not a conviction punishable by imprisonment for a term exceeding one year (as a class H offense with a prior record level of III), Mr. Farmer has only one predicate conviction and is no longer a career offender.

## CONCLUSION

For the foregoing reasons, Mr. Farmer's Motion [DE 48] is GRANTED, his sentence is VACATED, and this matter will be SET FOR RESENTENCING by separate notice. The United States' Motion to Dismiss [DE 51] is DENIED. At resentencing, counsel for Mr. Farmer and for the United States should be prepared to speak to the applicability of the retroactive crack cocaine guideline authorized by 28 U.S.C. § 994(u) and U.S.S.G. § 1B1.10 to Mr. Farmer's case.

SO ORDERED, this the 2 day of April, 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE