IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-131-BO
No. 5:11-CV-642-BO

| | | |
|---|---|---|
| MICHAEL EUGENE FARMER | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This matter comes before the Court on petitioner's motion for reconsideration. The government has responded, and the matter is ripe for ruling. For the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

Petitioner, Mr. Farmer, was sentenced by this court on January 24, 2003, to a term of 262 months of imprisonment. On November 9, 2011, Mr. Farmer filed a motion pursuant to 28 U.S.C. § 2255, alleging that he is no longer a career offender for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 after the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The Court allowed Mr. Farmer's motion, vacated his sentence, and ordered that the matter be set for resentencing [DE 70]. On petitioner's motion, the resentencing was continued until August 22, 2012. On August 20, 2012, the Fourth Circuit held that the rule announced in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), upon which the *Simmons* court and therefore Mr. Farmer's § 2255 petition must rely to be deemed timely under 28 U.S.C. § 2255(f)(3), is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012).

The Court held a resentencing hearing on August 22, 2012, and, after considering the arguments of counsel, found that the holding in *Powell* dictated that Mr. Farmer's petition was in

fact untimely and that it should be dismissed as such. The Court entered a written order effecting such decision on August 23, 2012, but issued a certificate of appealability on the issue of timeliness, finding that the issue deserved encouragement to proceed further [DE 83, 86]. Mr. Farmer now asks the Court to reconsider its holding that his § 2255 petition is untimely.

DISCUSSION

The Court notes at the outset that it has the inherent authority to reconsider its own rulings prior to the entry of judgment. Fed. R. Civ. P. 54(b); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (interlocutory order may be reviewed by a district court on motion or *sua sponte* any time before the entry of judgment); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)). As judgment had not been entered on Mr. Farmer's § 2255 petition, reconsideration of the order granting the motion was appropriate, even absent a formal motion by the government.

In its initial order granting relief to Mr. Farmer on his motion to vacate, the Court held that the rule announced in *Carachuri-Rosendo v. Holder* is retroactively applicable on collateral review, and that the potentially unforeseen application of *Carachuri-Rosendo* in *Simmons* warranted equitable tolling of the § 2255 statute of limitations period from the time between the expiration of one year following *Carachuri-Rosendo* and a reasonable time following the en banc opinion in *Simmons*. A panel of the Fourth Circuit in *Powell*, however, disagreed with this Court's conclusion that the rule in *Carachuri-Rosendo* is retroactively applicable on collateral review, and so held prior to entry of final judgment in this matter. 691 F.3d at 560. Accordingly, as *Carachuri-Rosendo* is not retroactively applicable on collateral review, Mr. Farmer's petition

2

cannot be deemed timely under § 2255(f)(3).[1]

Mr. Farmer's assertion that this Court should have ignored the decision in *Powell* is without merit. Furthermore, as noted by the government, Mr. Farmer's *Simmons* claim as to the application of the career offender enhancement under U.S.S.G. § 4B1.1 is likely not cognizable under § 2255, even if his petition were deemed timely filed, as Mr. Farmer did not receive a sentence in excess of his statutory maximum. *See Powell*, 691 F.3d at 563 n.2 (King, J., dissenting in part and concurring in the judgment in part) ("defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri* to obtain § 2255 relief").

## CONCLUSION

Accordingly, as petitioner has provided no adequate basis upon which the Court would reconsider its earlier ruling, petitioner's motion for reconsideration [DE 87] is DENIED.

SO ORDERED, this __15__ day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court has previously considered Mr. Farmer's arguments that his motion would be deemed timely filed under other provisions of § 2255(f), finding only that § 2255(f)(3) could provide Mr. Farmer with an avenue through which his petition would not run afoul of the statute of limitations. The Court is not persuaded by Mr. Farmer's contention that judicial decisions prior to *Carachuri-Rosendo* constitute actions by the government that created an impediment to his ability to file a timely § 2255 petition, 28 U.S.C. § 2255(f)(2), and the Court does not find that *Simmons* could be a new fact supporting Mr. Farmer's claim discoverable through the exercise of due diligence. 28 U.S.C. § 2255(f)(4); *see Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007).